**HERTZ SYSTEM, INC., Plaintiff,**

v.

**HERVIS CORP. and Arthur Stroffolino, Jr., Defendants.**

**No. 81 Civ. 6780 (JES).**

United States District Court,
S.D. New York.

Oct. 21, 1982.

Blum, Kaplan, Friedman, Silberman & Beran, New York City, for plaintiff; Martin J. Beran, Michael I. Wolfson, New York City, of counsel.

Kenyon & Kenyon, New York City, for defendants; William J. Speranz, New York City, Thaddius J. Carvis, Stamford, Conn., of counsel.

SPRIZZO, District Judge:

Plaintiff, Hertz System, Inc., a Delaware corporation doing business in New York, commenced this action against defendants, Hervis Corp., a Connecticut corporation, and Arthur Stroffolino, Jr., its president, alleging that defendants infringed its service mark within and without the state of New York in violation of 15 U.S.C. § 1114. Both parties engage in the automobile rental business.

Defendants move to dismiss for lack of in personam jurisdiction and improper venue pursuant to Fed.R.Civ.P. 12(b)(2) and (3) or, in the alternative, for a change of venue to the District of Connecticut.

Plaintiff maintains that the Court has in personam jurisdiction over defendants pursuant to CPLR 302(a)(2) since defendants committed tortious acts in New York by placing advertisements containing the infringing mark in two local Connecticut newspapers [1] which are regularly available here.[2] Defendants contend that, since all their business activities are conducted in Connecticut, and since the appearance of the allegedly infringing mark in New York was purely fortuitous and not a result of any conduct by defendants, the Court lacks in personam jurisdiction.

In a trademark infringement case the commission of a tortious act takes place wherever the "passing off occurs." *Vanity Fair Mills v. Eaton Co.,* 234 F.2d 633 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). Since defendants' allegedly infringing mark appeared in New York, a tortious act may well have been committed in this forum. However, to sustain jurisdiction under CPLR § 302(a)(2) it is necessary not only that a tortious act be committed within the forum, but also that the alleged tortious act be committed by the *defendant.* In this case, the conduct of the defendants consisted of placing an advertisement in a local newspaper in Connecticut.

While defendants may well have foreseen that the local newspaper would be transported into the State of New York such transportation was not the result of any act by the defendants or of any person acting under their control. It follows that the defendants have committed no tortious act within the State of New York which could properly form a basis for the exercise of personal jurisdiction under CPLR § 302(a)(2). Were this Court to sustain jurisdiction merely on the basis of defendants' ability to foresee that the publication they placed in a local newspaper might appear in this district, standards of due process would

---

1. Plaintiff contends that the advertisements appear two or three times a week.

2. Plaintiff also points out that defendants display the infringing mark in two Connecticut motels which are located adjacent to Interstate Highway 95, within 10 miles of New York, that 10 to 15 percent of defendants' customers are from New York, and that, in their application for registration of the allegedly infringing mark, defendants asserted that their service mark had been used in interstate commerce since November 1, 1980. These tangential contacts with New York clearly do not constitute the commission of a tort in New York within the meaning of CPLR 302(a)(2).

be violated. *Cf. World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Accordingly, defendants' motion to dismiss for lack of in personam jurisdiction is granted. Therefore, it is unnecessary to reach defendants' motion to dismiss for improper venue or, in the alternative, for a transfer of venue.

SO ORDERED.